**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**ALGERNON TINSLEY,**

   **Plaintiff,**

v.                **Case No.: 3:10-cv-01184**

**MICHAEL J. ASTRUE, Commissioner**
of the Social Security Administration,

   **Defendant.**

**ORDER**

  Pending before the court is Plaintiff's Motion to Waive so Much of the Local Rules that Require Use of a Sponsoring Attorney (ECF No. 22). Plaintiff argues that he is in poor health and is unable to continue in his role as a *pro se* litigant. Plaintiff also indicates that he has retained the services of an attorney, Michael Boylan, to act as his counsel in this action. However, Mr. Boylan is not a member of this court's bar. Plaintiff seeks the court's permission for Mr. Boylan to appear as Plaintiff's counsel of record without requiring Mr. Boylan to abide by L.R. Civ. P. 83.6, which provides that a Visiting Attorney must associate with a Sponsoring Attorney in order to appear in this court.

  A review of the relevant procedural history is warranted. On March 18, 2011, Mr. Boylan moved to enter an appearance in this case on behalf of the Plaintiff (ECF No. 7). The court denied the motion on the basis that Mr. Boylan was not a member of this court's bar (ECF No. 8). At that time, Plaintiff was instructed to follow the

procedures set forth in L.R. 83.6 for the admission of a Visiting Attorney. On November 17, 2011, Plaintiff filed a motion alleging that he had been unable to find a lawyer to act as a Sponsoring Attorney and asking the court to waive that requirement for Mr. Boylan. Plaintiff provided no evidence in the motion or by affidavit of his efforts to secure counsel. Rather, Plaintiff merely contended that he had been unable to retain a Sponsoring Attorney for "various reasons" and that requiring him to follow the rule resulted in an "unnecessary hardship" on him. (ECF No. 12). On December 9, 2011, the Court conducted a status conference at which Plaintiff's motion was considered. Plaintiff, who is a licensed attorney and former Administrative Law Judge, failed to supplement his motion with details of his efforts to retain sponsoring counsel. Accordingly, the Court did not find good cause to waive the requirement of the L.R. 83.6. Plaintiff was advised that he could proceed *pro se* until such time as he secured admitted counsel or a Sponsoring Attorney (ECF No. 15). At the same time, the court entered a Scheduling Order, requiring, *inter alia*, that discovery be completed by May 14, 2012 and dispositive motions be filed by June 1, 2012. (*Id.*).

From a review of the court's docket, it appears that Plaintiff has not complied with any of the court's scheduling deadlines. In fact, Plaintiff has taken no action in this matter during the past six months with the exception of filing a motion for an extension of time in which to respond to a pending dispositive motion timely filed by Defendant[1] and the instant request for a waiver of the Local Rule. The court takes further note that in this motion, Plaintiff fails to provide any support for his

---

[1] The motion for an extension was filed on June 15, 2012 and was granted (ECF Nos. 20 and 21). Plaintiff received the full amount of time he requested and was given until June 29, 2012 in which to file his response. Plaintiff never filed a response and, instead, filed the instant motion three days after expiration of the extension period.

assertion that he remains unable to find a Sponsoring Attorney to assist Mr. Boylan. Plaintiff makes no representations regarding efforts he has taken to retain counsel, nor presents any tangible evidence upon which the Court can conclude that application of the Local Rule to his particular case creates a greater burden or hardship on him than the Rule imposes on any other litigant or Visiting Attorney. Plaintiff does supply a letter from his treating physician detailing his chronic medical conditions to demonstrate the hardship of proceeding *pro se*. While the court is sympathetic to Plaintiff's health concerns, the court never **required** Plaintiff to proceed *pro se.* Instead, the court simply required Plaintiff to retain counsel admitted to practice in this court or arrange for his selected Visiting Attorney to abide by the same rule of admission applicable to any other Visiting Attorney. Federal Courts, like the courts of the individual states, have an interest in regulating the admission and practice of the lawyers who appear before them. *See Parnell v. Supreme Court of West Virginia,* 926 F.Supp. 570, 574 (N.D.W.Va. 1996).

In the absence of a showing of good cause, the court has no "sound rationale" upon which to waive the rule of admission; to the contrary, waiver under such circumstances would be arbitrary and unjust. *Lang v. Houser,* 2012 WL 2135575 (E.D. Pa. June 13, 2012) ("The court may waive application of a Local Rule where: (1) 'it has a sound rationale for doing so,' and (2) doing so 'does not unfairly prejudice a party who has relied on the local rule to his detriment,' citing *United States v. Eleven Vehicles,* 200 F.3d 203, 215 (3d Cir.2000)). At this point in the litigation, granting Plaintiff's motion would result in delay and unfair prejudice to the Defendant, who has relied upon and complied with this court's Scheduling Order. Plaintiff has not carried his burden of establishing a reasonable justification

for waiving the requirements of L.R 83.6; therefore, the court **DENIES** the motion. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff and all counsel of record.

**ENTERED**: July 3, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge