IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**ALGERNON TINSLEY,**

      **Plaintiff,**

v.                                        Case No.: 3:10-cv-01184

**MICHAEL J. ASTRUE, Commissioner**
of the Social Security Administration,

      **Defendant.**

### ORDER

Pending before the Court is Plaintiff's Amended Motion to Waive so Much of the Local Rules that Require Use of a Sponsoring Attorney (ECF No. 24) and Plaintiff's Motion to Seal His Medical Records (ECF No. 25). Defendant has filed a response to the Motion to Waive, and the time for Plaintiff to reply has expired. Having reviewed the amended motion, the Court finds that Plaintiff offers no new grounds to justify a waiver of the sponsoring attorney rule. Accordingly, for the reasons previously set forth in the Court's order of July 3, 2012 (ECF No. 23), Plaintiff's Amended Motion to Waive so Much of the Local Rules that Require Use of a Sponsoring Attorney (ECF No. 24) is **DENIED.**

As far as Plaintiff's Motion to Seal His Medical Records (ECF No. 25), the Court **GRANTS** same and **ORDERS** the Clerk to seal ECF No. 22-1. The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir.

2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the exhibit shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the exhibit, but in view of the highly confidential and specially protected nature of the exhibit, no such alternatives are feasible. Moreover, the exhibit pertains to personal matters which have no particular relevance to the general public. Therefore, the Court finds that sealing the exhibit does not unduly or significantly prejudice the public's right to access them.

The Clerk is instructed to provide a copy of this Order to Plaintiff and all counsel of record.

**ENTERED**: July 20, 2012.

_____
Cheryl A. Eifert
United States Magistrate Judge