IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

ALGERNON TINSLEY,

          Plaintiff,

v.                                                      CIVIL ACTION NO. 3:10-1184

MICHAEL J. ASTRUE, Commissioner
Social Security Administration,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Response to Magistrate's Proposed Findings and Recommendations (ECF No. 32). For the reasons stated below, Plaintiff's Response (ECF No. 32) is **DENIED**, and the Court **ACCEPTS** and **INCORPORATES** the Magistrates Judge's Proposed Findings and Recommendations (ECF No. 31), which **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 17) and **DISMISSES, with prejudice**, Plaintiff's civil action.

**PROCEDURAL HISTORY**

Plaintiff Algernon Tinsley, a seventy-one year old African-American former Administrative Law Judge, filed a complaint in federal court on June 2, 2009 against Defendant Michael J. Astrue, Commissioner of the Social Security Administration, alleging employment discrimination based on age, race, and retaliation. *Tinsley v. Astrue*, No. 3:09-cv-00600 (S.D. W. Va June 2, 2009) (hereinafter "*Tinsley I*"), ECF No. 1. He specifically alleged that he faced a

1

thirty-day suspension for infractions that went unpunished when committed by other employees. On December 7, 2010, this Court granted Defendant's Motion for Summary Judgment on Plaintiff's race and age discrimination claims. *Tinsley I*, ECF No. 62. In doing so, this Court reasoned that Plaintiff could not show that any comparable employee was treated differently based on race, and he also could not show that anyone outside the protected age class was treated differently. On September 20, 2011, this Court granted summary judgment in favor of Defendant regarding the remaining retaliation claim, dismissing the case. *Tinsley I*, ECF Nos. 81, 82.

Plaintiff filed the complaint commencing the instant litigation ("*Tinsley II*") on October 4, 2010, against Defendant Michael J. Astrue, claiming constructive discharge based on employment discrimination. ECF No. 1. He claimed that management: 1) wrongfully accused Plaintiff of falsifying time and attendance records; 2) his work activities were monitored by security device; 3) management allowed subordinates to challenge and change Plaintiff's decisions; and 4) white employees were treated better.

Mr. Boylan moved the court to enter his appearance as counsel on March 18, 2011. ECF No. 7. This motion was denied on March 25, 2011, because Mr. Boylan was not a current or former member of the West Virginia bar, and counsel was instructed to follow Local Rule of Civil Procedure 83.6. ECF No. 8.

In light of the Order dismissing *Tinsley I* on September 20, 2011, the Court issued a Show Cause Order regarding *Tinsley II* on September 21, 2011, ECF No. 9, demanding Plaintiff to show cause why the instant case should not likewise be dismissed. Plaintiff responded that the instant case involved actions—namely, the constructive discharge—that took place after the filing of *Tinsley I*. ECF No. 10. Also, Plaintiff noted that he had moved to amend the complaint in *Tinsley I* to include the constructive discharge allegations, and that motion was denied because

Plaintiff was attempting to bring a new claim when the *Tinsley I* case was already almost completed.

Plaintiff filed a Motion to Enlarge the Time to Prosecute the Claim, and to Waive so Much of the Local Rules that Require the Use of a Sponsoring Attorney on November 17, 2011. ECF No. 12. In this Motion, Plaintiff noted that although he himself is an attorney in good standing and licensed to practice in the highest court in Kentucky, and he has retained attorney Michael Boylan, also in good standing and licensed to practice in the highest court in Kentucky, Plaintiff's efforts to retain local counsel had, "for various reasons," not succeeded. Plaintiff also argued that Local Rule of Civil Procedure 83.6, which requires that Visiting Attorneys appear in association with a local Sponsoring Attorney, was an "unnecessary hardship." Therefore, he claimed, the interests of justice would be served by waiver of the rule. The request for waiver was denied on December 9, 2011, with the Magistrate Judge stating that Plaintiff was to continue *pro se* until either local counsel was retained or a local Sponsoring Attorney was found. ECF No. 15.

Defendant moved for summary judgment on June 1, 2012. ECF Nos. 17, 18. Plaintiff then filed a Motion to Enlarge the Time to Respond to Defendant's Motion for Summary Judgment on June 15, 2012, explaining that he needed more time in light of the medical problems and treatment he currently faced. ECF No. 20. The Court granted this motion for good cause shown. ECF No. 21.

On July 2, 2012, Plaintiff filed a Motion to Waive so Much of the Local Rules that Require Use of a Sponsoring Attorney. ECF No. 22. Plaintiff pointed out that in *Tinsley I*, the Court had waived the local counsel requirement, because local counsel could not be obtained, and had allowed Attorney Boylan to proceed as counsel. He also mentioned that the Court in

*Tinsley I* had prohibited the constructive discharge claim from being added to the existing *Tinsley I* complaint. Plaintiff additionally pointed to his own health problems which prevented him from continuing *pro se*, and included a sealed one-page letter from a doctor explaining his medical issues.

The Court denied Plaintiff's motion on July 3, 2012, reciting the history of Plaintiff's efforts to have the local rule waived and noting the lack of information to support Plaintiff's motion:

> Plaintiff fails to provide any support for his assertion that he remains unable to find a Sponsoring Attorney to assist Mr. Boylan. Plaintiff makes no representations regarding efforts he has taken to retain counsel, nor presents any tangible evidence upon which the Court can conclude that application of the Local Rule to his particular case creates a greater burden or hardship on him than the Rule imposes on any other litigant or Visiting Attorney. Plaintiff does supply a letter from his treating physician detailing his chronic medical conditions to demonstrate the hardship of proceeding *pro se*. While the court is sympathetic to Plaintiff's health concerns, the court never **required** Plaintiff to proceed *pro se*. Instead, the court simply required Plaintiff to retain counsel admitted to practice in this court or arrange for his selected Visiting Attorney to abide by the same rule of admission applicable to any other Visiting Attorney.

ECF No. 23, at 2-3. The Court explained that there was no good cause shown for why waiver should occur, no "sound rationale" for waiver, *Lang v. Houser,* No. 11–4638, 2012 WL 2135575 (E.D. Pa. June 13, 2012), and that waiver would cause unfair prejudice and delay to Defendant.

Plaintiff then filed an Amended Motion to Waive so Much of the Local Rules that Require the Use of a Sponsoring Attorney on July 6, 2012, reciting the same reasons for waiver as the previous motion. ECF No. 24. Defendant filed an objection to Plaintiff's motion on July 9, 2012. ECF No. 26. The Court denied Plaintiff's motion on July 20, 2012, noting that Plaintiff's motion included no new arguments or evidence. ECF No. 27.

The Magistrate Judge issued Proposed Findings and Recommendations on August 15, 2012, ECF No. 31, recommending that Defendant's Motion for Summary Judgment, ECF No.

17, be granted and that the civil action be dismissed with prejudice. Plaintiff filed a Response to Magistrate's Proposed Findings and Recommendations on September 14, 2012. ECF No. 32. Plaintiff acknowledged that he was filing late, explaining that his late filing was due to inpatient hospitalization and medical treatment. The Response states that Plaintiff's Amended Motion to Waive, ECF No. 24, was "misconstrued" as a motion to extend time, directing the Court to paragraph 1 of page 4 of the Proposed Findings and Recommendations. Plaintiff then states that "[t]his misconception only became apparent" to him when he read the proposed findings and recommendations, prompting him to restate his argument for allowing Attorney Boylan as counsel.

Plaintiff argues that dismissal of his case would be a "severe remedy" in light of Plaintiff's difficulty in proceeding *pro se* due to health issues, and that a more just and efficient remedy would be to allow Attorney Boylan to appear as counsel, as he had in *Tinsley I*. Plaintiff asked that "the Court will again exercise its discretion and reverse its previous decision and allow Atty. Boylan to resume his representation of the Plaintiff in his quest for redress. . ."

## ANALYSIS

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Although this Response was filed late, and Plaintiff did not seek leave of court for an extension before the deadline arrived, this Court will, in the interests of fairness, consider Plaintiff's Response. This District's Local Rule of Civil Procedure 83.6(a) states in pertinent part that:

> Any person who has not been admitted to practice before the Supreme Court of Appeals of West Virginia, but who is a member in good standing of the bar of the

5

> Supreme Court of the United States, the bar of the highest court of any other state in the United States, or the bar of the District of Columbia, shall be permitted to appear as a Visiting Attorney in a particular case in association with a Sponsoring Attorney as herein provided.

The Local Rules do not list the standard for waiver of the Sponsoring Attorney requirement. However, "[t]he court may waive application of a Local Rule where: (1) 'it has a sound rationale for doing so,' and (2) doing so 'does not unfairly prejudice a party who has relied on the local rule to his detriment.'" *Lang v. Houser,* No. 11–4638, 2012 WL 2135575, at *2 n.4 (E.D. Pa. June 13, 2012) (quoting *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000)).

The only part of Plaintiff's Response properly categorized as an "objection" to the Proposed Findings and Recommendations is Plaintiff's statement that his Amended Motion to Waive, ECF No. 24, was "misconstrued" as a motion to extend time. Review of the relevant documents reveals, however, that the Magistrate Judge correctly treated Plaintiff's Amended Motion to Waive. As noted above, the Court denied Plaintiff's Amended Motion to Waive on July 20, 2012, noting that the motion included no new arguments or evidence, and treated that motion precisely as what it was—a motion to waive the local rules—and not as a motion to extend time. ECF No. 27.

Furthermore, examination of the Proposed Findings and Recommendations at the point where Plaintiff claimed there was an error (paragraph 1 of page 4) reveals that the Magistrate properly understood Plaintiff's motion, and correctly recited precisely the sequence of events that had occurred:

> On June 15, 2012, Plaintiff sought an extension of time in which to respond to the motion, which was granted. (ECF Nos. 20, 21). However, to date, Plaintiff has not respond[ed] to the pending motion for summary judgment, and the extended deadline for filing a response expired well over a month ago. Therefore, Defendant's motion for summary judgment is ready for resolution.

ECF No. 31, at 4. The Motion to Enlarge Time, ECF No. 20, did not mention waiver of the local counsel requirement. The Motion explained that Plaintiff's medical issues "have greatly affected his ability to devote the efforts required to meet the deadlines set by the Court." The only relief requested in that Motion was an extension of time. Although the Proposed Findings and Recommendations do not mention any of Plaintiff's motions to waive the local rules, this is presumably because the Proposed Findings and Recommendations were written to address Defendant's Motion for Summary Judgment, not the local counsel requirement.

It is true that in *Tinsley I,* as Plaintiff points, the local counsel requirement was waived. Specifically, at a scheduling conference in *Tinsley I*, Plaintiff and Mr. Boylan stated that "several attempts had been made to obtain local counsel to sponsor Mr. Boylan, but no local counsel had been retained," and the Court that same day ordered that Mr. Boylan was allowed to represent Plaintiff without local counsel. ECF No. 22. It is also true that in the instant case, Plaintiff has provided a short letter identifying his health issues.

The Court's conclusions on this issue, despite these considerations, largely mirror those of the Magistrate Judge in the Order denying Plaintiff's motion to waive, ECF No. 23. This Court is sympathetic that Plaintiff faces multiple health issues. In denying Plaintiff's motions to waive, however, the Court is merely requiring Plaintiff to follow the local rules regarding counsel, and is not barring Plaintiff from seeking the help of counsel altogether, provided such assistance follows the local rules. The Magistrate Judge determined that Local Rule of Civil Procedure 83.6 should not be waived, and presented explanation of that decision. The Magistrate Judge's decision not to waive the local counsel requirement was made prior to issuing the Proposed Findings and Recommendations. Plaintiff suggests that, based on the Magistrate Judge's discussion of the procedural history in the Proposed Findings and Recommendations, the

Magistrate Judge had incorrectly treated the subject matter of the motion. However, as discussed above, review of the record shows that the Magistrate Judge properly addressed that motion for what it was. Therefore, the Magistrate's understanding of the case was not tainted by some sort of misunderstanding regarding the procedural history.

Because this is Plaintiff's only objection to the Proposed Findings and Recommendations, and this objection is **DENIED**, the Court **ACCEPTS** the Proposed Findings and Recommendations.

### Conclusion

For the reasons stated above, Plaintiff's Response (ECF No. 32) is **DENIED**, and the Court **ACCEPTS** and **INCORPORATES** the Magistrates Judge's Proposed Findings and Recommendations (ECF No. 31), which **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 17) and **DISMISSES, with prejudice**, Plaintiff's civil action. The Court further **ORDERS** that this case be dismissed and stricken from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 31, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE